# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JASON COUNTS, *et al.*, individually, and on behalf of THEMSELVES AND ALL OTHERS similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC,<br><br>    Defendant. | Case No. 1:16-cv-12541-TLL-PTM<br><br>Chief Judge Thomas L. Ludington<br>Magistrate Judge Patricia T. Morris |

## NOTICE OF SUPPLEMENTAL AUTHORITY
## IN SUPPORT OF MOTION TO DISMISS OF GENERAL MOTORS

In further support of its pending motion to dismiss (ECF No. 12), General Motors LLC submits as supplemental authority the decision of the United States District Court for the District of New Jersey in *In Re Mercedes-Benz Emissions Litigation*, 2:16-cv-00881-JLL-JAD, (D.N.J. Dec 6, 2016), ECF No. 58 (attached as Exhibit A). *In Re Mercedes* is nearly identical to this action, with the same plaintiffs' counsel and the same alleged claims for breach of contract, fraudulent concealment and violation of state consumer protection statutes. *In Re Mercedes* plaintiffs' claims are based on allegations of unlawfully high diesel emissions and allegedly misleading advertisements concerning Mercedes' "clean diesel" vehicles.

On December 6, 2016, the district court dismissed the *Mercedes* complaint for lack of standing, holding:

> Plaintiffs in this action . . . hinge the causation element of standing on a general advertising scheme. Specifically, Plaintiffs allege that they purchased or leased their vehicles "in part, because of the BlueTEC Clean Diesel system, as represented through advertisements and representations made by Mercedes. Plaintiff recalls that the advertisements and representations touted the cleanliness of the engine system for the environment and the efficiency and power/performance of the engine system." . . . Plaintiffs here have not alleged the general type of medium or advertising to which they were personally allegedly exposed . . . For example, Plaintiffs have not alleged that they actually viewed any category of advertisements—i.e., Defendants' website, press releases, etc.— that contained the alleged misrepresentations. . . Accordingly, the Court finds that the CAC does not contain sufficient facts to allege that Plaintiffs' injuries were fairly traceable to any of Defendants' representations.

*Id.* at 14 (internal citations and punctuation omitted).

GM requests that the Court consider the attached *In Re Mercedes* decision as further support for dismissal of the plaintiffs' class action complaint in this action

December 12, 2016                              Respectfully submitted,

/s/ Michael P. Cooney
Michael P. Cooney
Christopher Burtley
DYKEMA GOSSETT PLLC
400 Renaissance Center
Detroit, MI 48243
Telephone: (313) 568-6955
Fax: (313) 568-6893
mcooney@dykema.com
cburtley@dykema.com

Kathleen Taylor Sooy
April N. Ross
Rebecca B. Chaney
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, DC 20004
Telephone: (202) 624-2500
Fax: (202) 628-5116
ksooy@crowell.com
aross@crowell.com
rchaney@crowell.com

*Counsel for Defendant
General Motors LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on December 12, 2016 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to counsel of record.

/s/ Michael P. Cooney
Michael P. Cooney

4820-5588-1534.1
ID\COONEY, MICHAEL - 106069\000484