UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON COUNTS, et al,

                Plaintiff,                        Case No. 16-cv-12541

v.                                              Honorable Thomas L. Ludington

GENERAL MOTORS, LLC,

                Defendant.

_____/

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO MODIFY THE SCHEDULING ORDER AND DENYING PLAINTIFFS' MOTION TO MODIFY THE SCHEDULING ORDER**

On June 7, 2016, nine plaintiffs filed a 442-page complaint framing a putative class-action and alleging deceptive advertising, breach of contract, and fraudulent concealment claims under the laws of thirty states against Defendant General Motors ("GM"). ECF No. 1. Fundamentally, Plaintiffs allege that GM installed a "defeat device" in the 2014 Chevrolet Cruze Diesel which results in significantly higher emissions when the vehicle is in use compared to when it is being tested in laboratory conditions. GM filed a motion to dismiss on October 3, 2016, which was granted in part and denied in part. ECF Nos. 12, 21. On April 21, 2017, a Scheduling Order was issued which established a timeline for the surviving claims. ECF No. 28. Currently, the parties are in the midst of discovery.

On September 18, 2017, both parties filed motions seeking modification of the Scheduling Order. ECF Nos. 36, 37. The parties agree that the final pretrial conference and trial should be reset for the spring of 2019. But they dispute the proper timeline for the remaining dates. The disagreement between the parties is centered on class certification (which the present

scheduling order does not address): GM argues that the summary judgment deadline should come before the deadline for class certification, while Plaintiffs argue the opposite.

In support of their contention that class certification should be addressed before dispositive motions, Plaintiffs emphasize that the traditional sequence "is workable, efficient, and avoids duplicative motions practice." Pl. Mot. Amend at 7, ECF No. 36. GM, for its part, argues that "'[c]onsiderations of fairness and economy' support deciding 'summary judgment before engaging in the time-consuming inquiry into certification.'" Def. Mot. Amend at 5, ECF No. 37 (quoting *Serafino v. City of Hamtracmck & Cathy Square*, 2016 WL 11280784, at *1–2 (E.D. Mich. Mar. 23, 2016)). The Court has discretion regarding whether to rule on class certification prior to ruling on the merits of Plaintiffs' underlying claims. *See Meridia Prod. Liab. Litig. v. Abbott Labs.*, 447 F.3d 861, 864 (6th Cir. 2006).

Both approaches have advantages. In this matter, however, judicial efficiency will be served by adjudicating dispositive motions prior to class certification. GM indicates, correctly, that several threshold factual issues exist which, if decided adversely to Plaintiffs, would render state-specific inquiries unnecessary. If the Cruze does not contain a "defeat device," the underlying premise of Plaintiffs' suit will collapse. Likewise, if Plaintiffs cannot establish at least a genuine issue of fact regarding whether GM concealed or failed to disclose information regarding the Cruze that it had an affirmative obligation to provide to consumers, Plaintiffs' claims will fail. Thus, adjudicating dispositive motions before class certification would ensure that class certification is not an exercise in futility.

More importantly, Plaintiffs have not established that GM's proposed sequence would prejudice them. Even if Plaintiffs' preferred approach was adopted, the claims in the complaint would still be tested by dispositive motions. Importantly, the proposed schedules from both

parties would result in an April 2019 trial date, so GM's proposed schedule would not postpone Plaintiffs' relief, assuming success on the merits. Plaintiffs' only assertion of prejudice is focused on GM's proposed discovery deadline (March 30, 2018).

Plaintiffs suggest a discovery deadline of November 16, 2018, arguing that "[a] March 2017 [sic] cutoff would be impractical even in an ideal world where the defendant and third-parties were exceptionally forthcoming and cooperative." Pl. Mot. Amend at 8. Plaintiffs further indicate that, despite the fact that discovery has been open since April 2017, GM has not yet begun document production. If that level of production is maintained, the March 2018 discovery deadline would, of course, but insufficient. But the Court is unpersuaded that, given due diligence by the parties (with recourse to motions to compel, if necessary), discovery cannot be completed by March 2018. At that point, the parties will have been afforded eleven months for discovery. If, closer to the discovery deadline, Plaintiffs can demonstrate that a further extension is warranted, one may be granted. But, at this point, Plaintiffs have not sufficiently justified their request for a twelve month extension of the discovery deadline. GM's motion to amend and proposed schedule will be adopted, with slight changes to the intervals between certain deadlines.

Accordingly, it is **ORDERED** that Plaintiffs' motion to amend the scheduling order, ECF No. 36, is **DENIED.**

It is further **ORDERED** that Defendant GM's motion to amend the scheduling order, ECF No. 37, is **GRANTED in part.**

It is further **ORDERED** that the Scheduling Order, ECF No. 28, is **AMENDED as follows:**

Discovery Cutoff:	March 30, 2018

| | |
|---|---|
| Settlement Conference: | April 4, 2018, at 2:00 p.m. |
| Plaintiffs' Expert Disclosures: | April 9, 2018 |
| Defendant's Expert Disclosures: | May 14, 2018 |
| Dispositive Motions: | June 11, 2018 |
| Class Certification Motion: | October 30, 2018 |
| Motions *in limine*: | February 22, 2019 |
| Final Pretrial Conference: | March 19, 2019, at 2:00 p.m. |
| Trial Date: | April 2, 2019, at 8:30 a.m. |

Dated: September 26, 2017

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 26, 2017.

s/Kelly Winslow
KELLY WINSLOW, Case Manager