UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| JASON COUNTS, DONALD KLEIN, OSCAR ZAMORA, DEREK LONG, BASSAM HIRMIZ, JASON SILVEUS, JOHN MISKELLY, THOMAS HAYDUK, CHRISTOPHER HEMBERGER, and JOSHUA RODRIGUEZ, individually and on behalf of themselves and all others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>GENERAL MOTORS LLC, ROBERT BOSCH GMBH, and ROBERT BOSCH LLC,<br><br>                  Defendants. | No. 1:16-12541<br><br>Judge Thomas L. Ludington<br>Magistrate Judge Patricia T. Morris |

## **ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER TO SEAL**

On July 7, 2016, Plaintiffs filed a complaint against General Motors LLC, Robert Bosch GmbH, and Robert Bosch, LLC ("Defendants") alleging violations of multiple state fraud and breach of contract statutes. ECF No. 1. On August 16, 2019, Plaintiffs filed a motion to permit limited discovery after discovery closes to address 195,000 documents provided by Defendant Bosch LLC that allegedly show "an additional [emissions cheating] strategy" and extend to expert disclosure deadlines. ECF No. 226 at PageID.14958. Plaintiffs filed a redacted version of the motion (ECF No. 225) and a sealed unredacted version (ECF No. 226). On August 27, 2019, Defendants Robert Bosch LLC (ECF No. 231) and GM (ECF No. 232) filed responses to the motion.

The same day, Bosch LLC filed a motion to seal (ECF No. 233) its response (ECF No. 231) to Plaintiffs' motion to permit limited discovery (ECF Nos. 225, 226). On August 28, 2019,

GM filed a motion to seal (ECF No. 236) its response (ECF No. 232) to Plaintiffs' motion to permit limited discovery (ECF Nos. 225, 226). On August 30, 2019, GM filed a motion to seal (ECF No. 244) Plaintiffs' motion to permit limited discovery (ECF NO. 226). The three motions to seal remain at issue here – ECF Nos. 233, 236, and 244. The motions were referred to Magistrate Judge Morris. ECF Nos. 237, 245. On September 13, 2019, Judge Morris held a hearing on the motions and provided a bench opinion, granting the motions to seal. ECF No. 259.

On September 27, 2019, Plaintiffs filed objections to Judge Morris' order on the motions to seal. ECF No. 274. On October 11, 2019, GM filed a response to the objections. ECF No. 285. On the same day, Bosch LLC filed a notice of joinder/concurrence in GM's response to the objections. ECF No. 288.

**I.**

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Kubik v. Central Mich. Univ. Bd. of*

*Trs.*, 2016 WL 4425174 at *1 (E.D. Mich. Aug. 22, 2016) (quoting *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

Local Rule 5.3(b) describes the procedure for sealing a document if there is no statute or rule covering that specific type of document. First, the party seeking to have the document sealed "must file and serve a motion to authorize sealing that is narrowly tailored to seek sealing in accord with applicable law." *Id.* at (b)(2). The motion to seal must include "an index of documents which are proposed for sealing," "a description of any non-party or third-party privacy interests that may be affected if the documents or portions thereof to be sealed were publicly disclosed on the court record," "whether the proposed sealed material was designated as 'confidential' under a protective order and by whom," "a detailed analysis, with supporting evidence and legal citations, demonstrating that the request to seal satisfies controlling legal authority" for each proposed document to be sealed, and a redacted and unredacted version of the documents. *Id.* at (b)(3)(A). The Court may only order a document be sealed "upon a finding of a compelling reason why certain documents or portions thereof should be sealed" and the order "shall specifically reference each document (or portion thereof) as to which sealing was granted." *Id.* at (b)(3)(C). The Local Rule was revised based on *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan* and subsequent cases from the Sixth Circuit. 825 F.3d 299 (6th Cir. 2016); *see Comments to 2018 Revisions* for LR 5.3.

**II.**

Plaintiffs contend that Magistrate Morris' decision "is contrary to law because Judge Morris failed to apply a presumption of public access to judicial records, failed to require a compelling justification to withhold the information from the public, and failed to narrowly tailor the seal to serve a compelling purpose." ECF No. 274 at PageID.16657.

**a.**

Plaintiffs first argue the order is contrary to law because Judge Morris failed to "apply the strong presumption against sealing because the documents relate to the core disputed issue of alleged emissions fraud." ECF NO. 274 at PageID.16666. In support of their argument, Plaintiffs cite *Shane Group*, where the Sixth Circuit overturned a District Judge who sealed "Plaintiffs' Amended Complaint, the Plaintiffs' Motion for Class Certification and [Defendant's] Response, and [Defendant's] Motion to Strike the report and testimony of the Plaintiffs' expert witness," including all 194 exhibits attached to the various filings. *Shane Group, Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016). However, in the case at hand, the motions to seal are related to a single motion and responses to that motion – a motion to permit limited discovery and reset corresponding deadlines. ECF Nos. 225, 226. The motion sought additional time for discovery and did not address any adjudicative question related to the merits of the case. The Sixth Circuit has drawn a distinction between discovery motions and adjudicative motions. *Shane Group, Inc.*, 825 F.3d 305; *see also Rudd Equip. Co. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 593–94 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Shane Group, Inc.*, 825 F.3d 305. Judge Morris discusses this distinction in her order,

> [Rudd] does direct Courts to bear in mind that there's a stark difference between Court orders entered to preserve the secrecy of proprietary information while the parties take discovery, and the sealing of the Court's docket and filings. The line between [] these stages is crossed when the parties place material in the court record, and in this latter stage very different considerations apply. The interest of the public isn't limited to the result but also includes the conduct giving rise to the case, and in that circumstance, the public is entitled to assess for itself the merits of the judicial decision. . . . It's not – again, not an end all/be all difference, but there is a difference between stages.
> ECF No. 264 at PageID.16479-16480.

Judge Morris did not misapply the presumption against sealing and her order is not contrary to law on that basis.

**b.**

Second, Plaintiffs argue that "in the absence of a privilege or a statutory duty to seal," Defendants were required to identify a trade secret to overcome the presumption of public access to documents. ECF No. 274 at PageID.16669. Plaintiffs rely upon *Kondash v. Kia Motors America, Inc.*, to substantiate that "in the absence of a privilege or a statutory duty to seal, only trade secrets will suffice to overcome the presumption of access—and even then it may not be enough to overcome the public interest in the documents at issue." ECF No. 2874 at PageID.16669. Plaintiffs are correct that the existence of a trade secret may furnish a justification for sealing information, but the fact of a trade secret alone is insufficient to justify sealing. *Kondash v. Kia Motors Am.*, 767 Fed. Appx. 635, 638 (6th Cir. 2019) ("even if a district court finds that a trade secret exists, it must still determine whether public interest outweighs the moving party's interest in protecting their trade secret"). Plaintiffs however, have not focused on the first portion of the sentence providing that "[w]hile the existence of a trade secret will generally satisfy a party's burden of showing a compelling reason for sealing documents, *even if a trade secret does not exist, a court may still find a compelling reason exists . . .*" *Id.* (emphasis added). Judge Morris balanced the public's interest in the case with the parties' perspectives, stating

> [i]n this case, when we're trying to balance the right of the public to be able to access and see the material that the Court was basing its ruling on . . . I think the defendants in this case have set forth sufficient reasons to overcome the presumption and the portions that they designated should be sealed I think have been narrowly tailored to the confidential and proprietary information, unique technologies and I do think that they have properly set forth that to release these to the public would inflict competitive and financial harm." ECF No. 264 at PageID.16481.

Judge Morris elaborated that Defendants "included good backup evidence to support their arguments, and specific descriptions of the documents that should be sealed, I think that that is sufficient to comport with the standards that are given in the case law, as well as our local rule . . ." ECF No. 264 at PageID.16481-16482. Even though neither Defendant directly claimed there was a trade secret involved, Judge Morris' order to seal was not contrary to law.

**c.**

Plaintiffs' third argument is that "Judge Morris also failed to apply the correct standards when it sealed Defendants' employees' names and titles" because Defendants "did not identify any employee privacy right that requires the Court to withhold the names and job titles of Defendants' employees involved in the development of the alleged cheat device." ECF No. 274 at PageID.16673. Bosch included a table in its motion, which states that "personally identifying information of Bosch LLC employee" should be sealed, in part because it affects a "non-party private individual." ECF No. 233 at PageID.15324. Additionally, during the oral arguments, GM highlighted its concern about having employee names on the public record when Plaintiffs are "accusing – saying [there is] definitive evidence of cheating" by Defendants and their employees. ECF No. 264 at PageID.16472.

In her ruling, Judge Morris noted that when she balanced the public's right to access court records with the parties' interest, she also considered if any third party interest would be harmed by sealing the information. ECF No. 264 at PageID.16482 ("I also note there was no third party interest here that would be . . . harmed by the sealing and I also think that the public's right to know is less implicated here as it would be in a dispositive motion situation as per the discussions in *Brown* and *Rudd Equipment*."). There was information on the record about the rationale for excluding personally identifiable information about employees (Bosch's argument

about protecting non-party interests from its brief and GM's argument at the hearing about its desire to protect its employees during this stage of litigation) and Judge Morris stated she considered third party interests and the public's right to know in making her decision. Judge Morris' order was not contrary to law.

### d.

Plaintiffs' fourth and final argument is that "the Magistrate erred by entering a broad seal order that encompassed unprotected and non-confidential information and prevented the public from reviewing the evidence on the disputed issue of emissions fraud." ECF No. 274 at PageID.16674. The only case Plaintiffs' cite is *Rudd Equipment*. *Id.* In *Rudd*, Defendant "filed a motion to seal all filings, and indeed the very existence of [the] case, from public view." *Rudd Equipment Co.*, 834 F.3d at 590. Unlike in *Rudd*, the order to seal in this case relates to one discovery motion and the related responses and exhibits. Also, in this case, Defendants went document by document and requested motions, responses, and/or exhibits be sealed or redacted. ECF No. 233 at PageID.15324-15334; ECF No. 236 at PageID.15822-15823; ECF No. 244 at PageID.15976-157-78. This is not a case where the parties requested and received a blanket seal, but rather targeted redactions of documents and sealing of information being addressed in a non-adjudicative circumstance on a non-dispositive motion. Magistrate Judge Morris' order was not contrary to law when she sealed the requested documents and exhibits by Defendants.

### III.

Accordingly, it is **ORDERED** that Plaintiffs' Objection to Magistrate Judge's Order, ECF No. 274, is **DENIED**.

Dated: October 18, 2019                     s/Thomas L. Ludington
                                            THOMAS L. LUDINGTON
                                            United States District Judge