UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

JASON COUNTS, et al.,

        Plaintiffs,

v.

GENERAL MOTORS LLC and ROBERT BOSCH LLC,

        Defendants.

No. 1:16-12541

Judge Thomas L. Ludington
Magistrate Judge Patricia T. Morris

## ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S ORDER PERMITTING A 30(b)(1) MOTION

On July 7, 2016, Plaintiffs filed a complaint against General Motors LLC alleging violations of multiple state fraud and breach of contract statutes. ECF No. 1. On February 14, 2017, this Court denied in part and granted in part Defendant GM's motion to dismiss. ECF No. 21. On June 6, 2018, Plaintiffs motion for leave to file an amended complaint was granted and Plaintiffs were permitted to add Bosch LLC and Bosch GmbH as defendants. ECF No. 93; 94. Then, on February 25, 2020, Plaintiffs filed a notice of voluntary dismissal of Bosch GmbH. ECF No. 317.

The initial scheduling order provided that discovery would conclude by November 21, 2017. ECF No. 28. The parties developed a joint stipulated discovery plan and a stipulated protective order. ECF Nos. 39, 40, 41. There has been extensive motion practice regarding discovery, including multiple stipulations, motions to compel discovery, disputes concerning search terms, and motions regarding sealing. *See e.g.*, ECF Nos. 30, 40, 41, 43, 47, 53, 70, 83, 93, 131, 141, 169. The discovery deadline has been amended multiple times. ECF Nos. 92, 125, 166. The discovery deadline was July 31, 2019.

On August 16, 2019, Plaintiffs filed a motion to reopen and permit limited discovery to address 195,000 pages[1] provided by Defendant Bosch LLC in June, July, and August 2019 that allegedly show "an additional [emissions cheating] strategy" and sought to extend expert disclosure deadlines. ECF No. 225 at PageID.14684. Of the 195,000 pages provided over the summer about 70,000 pages were produced on July 5, 2019. *Id.* at 14676. Specifically, Bosch LLC "produced over 2,700 documents after business hours on August 14, 2019, mostly in the custody of [a former Bosch LLC employee.]" *Id.* at PageID.14666. Plaintiffs filed a redacted version of the motion (ECF No. 225) and a sealed unredacted version (ECF No. 226). The motion was referred to Magistrate Judge Morris pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 237. On August 27, 2019, Defendants Robert Bosch LLC (ECF No. 231) and GM (ECF No. 232) filed responses.

On September 13, 2019, Magistrate Judge Morris heard oral arguments on the motion, as well as several other discovery motions. Magistrate Judge Morris granted Plaintiffs' motion in part. Her order stated that "Plaintiffs may conduct a 30(b)(1) deposition of an individual of Plaintiff's choosing who can testify as to SCR online dosing. The deposition will occur for 2 hours regarding documents produced from July 30 and beyond only and the deposition should be held within 2 weeks of this Order." ECF No. 259 at PageID.16386.

On September 27, 2019 Plaintiffs filed a motion for reconsideration. ECF Nos. 269, 270. Plaintiffs explain that they sent an email to Defendants seeking to depose a specific Bosch LLC employee and that Bosch informed them that the employee is no longer employed at Bosch LLC. *Id.* Bosch LLC subsequently asked Plaintiffs to supply the name of another employee to be deposed. *Id.* In their motion, Plaintiffs explained that the individual they identified was the only

---

[1] It is unclear how many documents were produced at the end of July/beginning of August 2019. The original motion mentioned 195,000 documents but in the transcript of the oral argument with Magistrate Judge Morris, the parties referred to 75,000 pages of additional discovery. *See* ECF No. 298-2.

person who could speak to the newly discovered information contained in the last discovery documents addressing SCOR online dosing. Accordingly, Plaintiffs argued the new information justified Magistrate Judge Morris reversing her earlier decision and permitting a 30(b)(6) deposition.

Magistrate Judge Morris denied the motion for reconsideration explaining that in her original order the "Court struck a compromise in allowing Plaintiffs to conduct a limited two-hour 30(b)(1) deposition of the employee of Plaintiffs' choice of Defendant Bosch, LLC." ECF No. 291 at PageID.17128. She stated that "it is clear that Plaintiffs were warned, before the deadline for the deposition had passed, that their chosen deponent was not available, and Defendant requested that Plaintiffs choose another person to depose as soon as possible. Instead, the instant motion was filed." *Id.* at PageID.17129. Magistrate Judge Morris explained that the "somewhat new" information Plaintiffs advanced as a justification for their preferred deponent did not meet the standard for a Rule 59 motion, especially when "there was a clear path to stay[] consistent with the Order: simply choosing a new deponent as Defendant Bosch, LLC suggested." *Id.* at PageID.12130.

On November 1, 2019, Plaintiffs filed an objection to Magistrate Judge Morris' Order denying their motion for reconsideration. ECF Nos. 297, 298.

**I.**

The decision and order of a non-dispositive motion by a magistrate judge will be upheld unless it is clearly erroneous or contrary to law.[2] *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993). A district judge shall consider

---

[2] The motion for additional discovery was referred to Magistrate Judge Morris pursuant to 28 U.S.C. § 636(b)(1)(A). ECF No. 237. Plaintiffs argue that Magistrate Judge Morris' decision is clearly erroneous. ECF No. 298 at PageID.17220. Defendants disagree with Plaintiffs' arguments, but concur that this Court has "deferential review" of Magistrate Judge Morris' order. ECF No. 302-1 at PageID.17381.

such objections and may modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to the magistrate judge's factual findings; legal conclusions are reviewed under the plenary 'contrary to law' standard. . . . Therefore, [the reviewing court] must exercise independent judgment with respect to the magistrate judge's conclusions of law." *Haworth, Inc. v. Herman Miller, Inc.*, 162 F.R.D. 289, 291 (W.D. Mich. 1995) (citing *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992)). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Kubik v. Central Mich. Univ. Bd. of Trs.*, 2016 WL 4425174 at *1 (E.D. Mich. Aug. 22, 2016) (quoting *Ford Motor Co. v. United States*, 2009 WL 2922875, at *1 (E.D. Mich. Sept. 9, 2009)).

The Federal Rules of Civil Procedure provide various avenues for discovery, including multiple types of depositions. FRCP 30(b)(1) states,

> A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address. If the name is unknown, the notice must provide a general description sufficient to identify the person or the particular class or group to which the person belongs.

FRCP 30(b)(6) provides,

> In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, or other entity and must describe with reasonable particularity the matters for examination. The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify. A subpoena must advise a nonparty organization of its duty to make this designation. The persons designated must testify about information known or reasonably available to the organization. This paragraph (6) does not preclude a deposition by any other procedure allowed by these rules.

## II.

In their objection, Plaintiffs essentially argued that Magistrate Judge Morris' original decision that they "get to choose" who to depose meant they could select anyone within the universe of employees who ever worked at Bosch LLC. When Plaintiffs discovered the individual they selected was unavailable (he "left Bosch LLC's employment in February 2016" and now works for Bosch GmbH in Germany – a non-party to this litigation), Plaintiffs believed the purpose of Magistrate Judge Morris' original order was undermined ("Respectfully, under the specific circumstances here, the path set forth in the Corrected Order is neither justified nor practical. Requiring Plaintiffs to go back and pick a less qualified, substitute Rule 30(b)(1) witness who may or may not know or remember the relevant documents will not remedy the substantial prejudice of Bosch's late production—and will inevitably result in Plaintiffs coming back to request a Rule 30(b)(6) deposition to obtain the needed facts."). ECF No. 298 at PageID.17216; ECF No. 298-3 at PageID.17314; ECF No. 298-4 at PageID.17317. Plaintiffs explain that they chose the specific employee because he "offered the best shot at meaningful testimony on the late-produced SCR online dosing documents because most of them came from his custodial file and he was personally emailing back and forth on important details of how and why the online dosing was calibrated as it was for certification testing." ECF No. 298 at PageID.17222. Plaintiffs do not identify this individual as the author of the documents or explain that this individual was a supervisor of employees who wrote the documents. The individual's current job title is "Ingenieur" at Bosch GmbH. ECF No. 298-4 at PageID.17317. It is unknown what his job title was at Bosch LLC.

During oral argument before Magistrate Judge Morris, Plaintiffs struggled to explain any substantial reason for a need for a 30(b)(6) deposition. Magistrate Judge Morris stated that

> I still am not getting a good sense of – of what exactly you saw in the documents
> that were dumped on you, the, you know, thousands of pages, 75,000 pages that

> were dumped on you, as to – I still don't have a clear vision of the – what was new in those documents that you are seeking to take a deposition about, other than just the general topic of the SCR online dosing, which was at least talked about in the document that you refer to, which was produced on May 1. . . I think I could easily deny the motion and say, listen, we're way past discovery, this is not a new topic, you haven't really identified specific questions that you need answered that were raised in those documents, the 75,000 documents and beyond, that show you a topic or some subpart of a topic that necessitated more discovery. [However] to try to be as fair as I can be to plaintiffs' counsel, I am . . . going to order that the plaintiffs will be able to depose an individual who can testify as to the SCR online dosing.

ECF No. 298-2 at PageID.17288-17289.

Magistrate Judge Morris stated that Plaintiffs could select the person for the 30(b)(1) deposition, but she did not say that Plaintiffs could select any current or former Bosch LLC employee for the deposition. In their objection to Magistrate Judge Morris' order, Plaintiffs explain they

> are not looking for any unfair advantage. [They] simply ask that—as a consequence of Bosch having produced a substantial volume of important documents at the tail end of discovery—Bosch now produce an adequately-prepared corporate representative for two hours of Rule 30(b)(6) testimony on just ten documents that Plaintiffs have or will identify before the deposition.

ECF No. 298 at PageID.17217.

Plaintiffs identify the ten documents as

- RBL-CIV12541-PE-000385235
- RBL-CIV12541-PE-000368570
- RBL-CIV12541-PE-000451035
- RBL-CIV12541-PE-000451775
- RBL-CIV12541-PE-000452872
- RBL-CIV12541-PE-000452875
- RBL-CIV12541-PE-000452879
- RBL-CIV12541-PE-000452880
- RBL-CIV12541-PE-000381692
- RBL-CIV12541-PE-000415959

ECF No. 298-5. Plaintiffs also explain that "Plaintiffs identified these ten late-produced documents to counsel for Bosch on October 22, 2019. Bosch responded that two of the documents allegedly were (or were duplicates of others) produced even earlier in discovery.

Plaintiffs are investigating and will identify two substitute documents if needed." ECF No. 298 at PageID.17216-17217. Copies of the documents have not been provided to the Court.

Plaintiffs' primary rationale for seeking a deposition after discovery has been completed is because "Bosch produc[ed] massive amounts of key information in the final weeks of discovery." *Id.* at PageID.17221. However, based on Plaintiff's own motion, the majority of the recent discovery production occurred before the close of discovery (in summer 2019), not after. Therefore, Plaintiff was on sufficient notice to file a motion to extend discovery (as has happened multiple previous times in this case) prior to the close of discovery. Additionally, the individual Plaintiffs originally hoped to depose no longer employed by Bosch LLC, but is employed by Bosch GmbH. Bosch GmbH is not a party to this litigation and in fact Plaintiffs recently voluntarily dismissed it after a show cause order. ECF Nos. 316, 317. When information about the former employee's employment situation surfaced in October 2019, Plaintiffs did not seek leave of the Court to serve Bosch GmbH (who at that time was still a named Defendant). ECF No. 298 at PageID.17219. In fact, in a related case, *In re Duramax*, where different plaintiffs are represented by the same attorneys, counsel successfully served Bosch GmbH utilizing Hague Service Convention protocols. *See* ECF No. 155 in 17-11661.

Finally, the only information in Plaintiffs' motion identifying what would prompt the need for the deposition is their comment that "Bosch's late productions revealed new records and details concerning precisely how and why Defendants carefully calibrated online dosing in the Class Vehicles." *Id.* at PageID.17218. Plaintiffs point the Court to their original August 16, 2019, motion for further discussion as to the necessity of the deposition. *Id.* n.3. That motion discussed how the late produced documents discussed a new alleged strategy to decrease NoX emissions—SCR dosing in the Chevrolet Cruze. ECF No. 225 at PageID.14664. However, the topic of SCR

dosing was addressed in earlier discovery by Defendants. Even Plaintiffs admit that the topic of SCR dosing has been a part of the case from the beginning. ECF No. 298-2 at PageID.17269-17270 ("Ms. Scullion: Your, Honor, I think the point is, yes, SCR dosing's been part of the case, and so these documents should have been produced way earlier. These were produced at the very end of discovery, and they are about the core issue in the case.").

Plaintiff has not identified a new theory of the case that was solely included in the last delivery of discovery materials. Also, Magistrate Judge Morris did not deny Plaintiffs' request for an additional deposition to address the discovery materials. She permitted Plaintiffs to take a 30(b)(1) deposition with a (current) Bosch LLC employee of their choosing. Plaintiffs have not met their burden of demonstrating that Magistrate Judge Morris' decision was clearly erroneous or contrary to law. Plaintiffs' objection to Magistrate Judge Morris' order will be denied.

### III.

Accordingly, it is **ORDERED** that Plaintiffs' Objection to Magistrate Judge's Order, ECF Nos. 297, 298, is **DENIED**. Plaintiffs must **identify the employee** they seek to depose on or before **March 30, 2020** and the **deposition must occur** on or before **May 15, 2020**. If additional time is necessary for the deposition due to travel restrictions or other concerns with COVID-19, counsel should contact the Court.

Dated: March 18, 2020                                s/Thomas L. Ludington
                                                     THOMAS L. LUDINGTON
                                                     United States District Judge