UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JASON COUNTS. et al.,

               Plaintiffs,                            Case No. 1:16-cv-12541

v.                                        Honorable Thomas L. Ludington
                                               United States District Judge
GENERAL MOTORS, LLC,
and ROBERT BOSCH, LLC,

               Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION TO PARTIALLY RECONSIDER OR GRANT PARTIAL RELIEF FROM JUDGMENT

In this emissions-regulation class action, the parties have spent years litigating the allegations that Defendants General Motors and Robert Bosch LLC misled consumers into purchasing a GM-manufactured vehicle by installing devices that defeated the emissions testing approved by the Environmental Protection Agency. In February 2023, Plaintiffs reached a settlement with Defendant Bosch, but six months later, this Court dismissed the case altogether because Plaintiffs' state-claims were impliedly preempted by the Clean Air Act, 42 U.S.C. § 7401 *et seq.* One week after the case was dismissed, Defendant Bosch terminated the settlement agreement.

Plaintiffs now seek reconsideration of this Court's dismissal order, arguing that this Court must address a class-action settlement agreement between Plaintiffs and Defendant Bosch. Defendant Bosch responds that there was no pending motion for preliminary approval of the settlement agreement at the time for this Court to address and that it terminated the settlement agreement according to the agreement's terms, so there is nothing for this Court to consider.

**I.**

Plaintiffs are a group of consumers who purchased a 2014 or 2015 Chevrolet Cruze diesel (the "diesel Cruze") and sought to represent a putative class of "[a]ll persons who purchased or leased a [diesel Cruze]." ECF No. 1 at PageID.62. Plaintiffs' alleged injury was their overpayment for a diesel Cruze caused by Defendants General Motors and Bosch duping them into buying a diesel Cruze with a "defeat device" that made the emissions comply with the regulations of the Environmental Protection Agency (EPA) and California Air Resources Board ("CARB"). *See id.* at PageID.64–65, 68, 74–75. Plaintiffs' theory of liability follows:

> [R]eports and vehicle testing now indicate that General Motor's (GM) so called "Clean Diesel" vehicle, the Chevrolet Cruze (Cruze), emits far more pollution on the road than in lab tests and that these vehicles exceed federal and state emission standards. Real world testing has recently revealed that these vehicles emit dangerous oxides of nitrogen ($NO_x$) at levels ***many times higher than (i) their gasoline counterparts, (ii) what a reasonable consumer would expect from a "Clean Diesel," and (iii) United States Environmental Protection Agency maximum emissions standards.***

*Id.* at PageID.12–13 (emphasis in original).

In June 2022, this Court denied Defendants' motions for summary judgment, *Counts v. Gen. Motors, LLC*, 606 F. Supp. 3d 678 (E.D. Mich. 2022), and resolved the Parties' *Daubert* motions. *Counts v. Gen. Motors, LLC*, 606 F. Supp. 3d 547 (E.D. Mich. 2022). In August 2022, Plaintiffs filed a Motion to Certify a Class, which Defendants opposed. ECF Nos. 446, 462.

In January 2023, while Plaintiffs' class-certification motion was pending, Plaintiffs and Defendant Bosch entered a settlement agreement and the Parties filed a motion for preliminary approval of a class action settlement. ECF No. 474; *see also* FED. R. CIV. P. 23(e) (authorizing settlement, voluntary dismissal, or compromise of class-action claims "only with the court's approval."). Under the agreement, Defendant Bosch would pay "not more than $2,375,000" to be distributed among class members, and all class members who did not opt out of the agreement

would release their claims against Defendant Bosch. *See generally* ECF No. 474-2. Two months later, this Court denied the settlement-approval motion without prejudice *and* directed the Parties to file supplemental briefs addressing five questions about settlement-class certification. ECF No. 480. Although the Parties filed supplemental briefing addressing the settlement-class certification, *see* ECF Nos. 481; 482, which included an amended settlement agreement, *see* ECF No. 481-1, Plaintiffs and Defendant Bosch did not file a renewed motion for approval of the settlement agreement.

Eleven days after this Court denied Plaintiffs' settlement-approval motion without prejudice, the Sixth Circuit decided *In re Ford Motor Co. 4-150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig.* and dismissed claims that were seemingly identical to Plaintiffs' claims here because they were impliedly preempted by the Energy Policy and Conservation Act (EPCA), 42 U.S.C. § 6201 *et seq.*, and its corresponding regulations for emissions testing, *In re Ford Motor Co. F-150 & Ranger Truck Fuel Econ. Mktg. & Sales Pracs. Litig.*, 65 F.4th 851, 862–64 (6th Cir. 2023); *see also* ECF No. 483 (notifying this Court of the dismissal). And the petition for an *en banc* rehearing was denied by "the full court." *Ford*, No. 22-1245, 2023 WL 4115991, at *1 (6th Cir. June 21, 2023).

After the Sixth Circuit's decision in *Ford*, Defendants here argued that implied preemption warranted dismissal of Plaintiffs' state-law claims. ECF Nos. 491; 492. Plaintiffs disagreed. ECF No. 489 (sealed).

On July 12, 2023, this Court, consistent with *Ford*, found Plaintiffs' state-law claims were preempted by the Clean Air Act, 42 U.S.C. § 7401 *et seq*., and dismissed them with prejudice. ECF No. 493.

One week later, Bosch terminated its settlement agreement with Plaintiffs, citing Section 13.2 of the settlement agreement. *See* ECF No. 501-2 at PageID.43169. This Section provides:

> This Class Action Agreement shall terminate at the discretion of either Bosch LLC or the Settlement Class Representatives, through Class Counsel, if:
>
> > (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Class Action Agreement or the proposed settlement that the terminating Party in its (or their) sole judgment and discretion reasonably determine(s) is material, including, without limitation, the terms of relief, the findings, or conclusions of the Court, the provisions relating to notice, the definition of the Class, and/or the terms of the Release; or
> >
> > (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters, narrows or expands, any portion of the Final Approval Order, or any of the Court's findings of fact or conclusions of law, that the terminating Party in its (or their) sole judgment and discretion reasonably determine(s) is material.
>
> The terminating Party must exercise the option to withdraw from and terminate this Class Action Agreement, as provided in this Section 13, by a signed writing served on the other Parties no later than 20 days after receiving notice of the event prompting the termination. The Parties will be returned to their positions status quo ante as of the date immediately before the Parties' execution of the Class Action Agreement.

ECF No. 474-2 at PageID.42091–92.

In response to Defendant Bosch's termination letter, Plaintiffs' Counsel sent a letter to Defendant Bosch's Counsel, "strongly urg[ing]" Defendant Bosch "to reconsider its decision to purportedly withdraw from and terminate" the settlement agreement and asserted that Defendant Bosch's "attempted withdrawal violates the terms of the settlement agreement and Bosch LLC's obligations under that Agreement." ECF No. 501-3 at PageID.43171. Defendant Bosch's Counsel responded by letter one week later asserting its withdrawal and termination were valid under the terms of the Agreement. ECF No 501-4 at PageID.43174–75.

Eleven days after Defendant Bosch's Counsel sent its last letter to Plaintiffs' Counsel regarding Defendant Bosch's termination of the agreement, Plaintiffs filed a motion for partial reconsideration or partial relief from judgment under both Civil Rules 59(e) and 60(b)(1), seeking an order that "vacate[s] in part [the July 12, 2023] final order and judgment, and review[s] and grant[s] approval of the class action settlement." ECF No. 496 at PageID.43081. According to Plaintiffs, such relief is warranted because the change in law brought about by *Ford* "does not moot the settlement agreement" between Plaintiffs and Defendant Bosch "nor does it provide a basis to refuse to consider and grant approval of the settlement under [Civil] Rule 23(e)." *Id.* at PageID.43074. Defendant Bosch opposes Plaintiffs' request and argues that, although this Court has discretion to reopen this case, Bosch validly terminated the agreement according to its terms, so "there is no longer a proposed settlement for [this] Court to consider even if it were to reopen the case." ECF No. 501 at PageID.43164. Plaintiffs reply that a change in law does not render a class action settlement unenforceable and that Defendant Bosch's termination of the agreement was invalid. ECF No. 502.

## II.

Under Civil Rule 59(e), A party may file a "motion to alter or amend a judgment" within 28 days after entry of judgment. Fed. R. Civ. P. 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988). The grounds for amending a judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cty., TN*, 402 F. App'x. 107, 108 (6th Cir. 2010).

Similarly, under Civil Rule 60(b)(1), "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). In the Sixth Circuit, Civil Rule 60(b)(1) may apply either "(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (internal citation omitted). Unlike the obviousness required with Rule 59(e)'s high bar for manifest injustice, judicial mistakes need not be "obvious" and include judicial errors of law. *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).

### III.

Plaintiffs are correct that a post-settlement change in the law does not render a settlement agreement moot or unenforceable. *See Whitlock v. FSL Mgmt., LLC*, 843 F.3d 1084, 1094 (6th Cir. 2016). But that is not the issue presented here. Defendant Bosch does not assert the agreement is moot or unenforceable. To the contrary, Defendant Bosch asserts the agreement *is* enforceable, and that it exercised its rights under the agreement to terminate it. *See* ECF No. 501 at PageID.43159–60.

The real issue here is whether a court must address a hypothetical motion for approval of a class settlement in an order dismissing Plaintiffs' claims when *no such motion was pending*. Plaintiffs' argument that this court *must* address the class-action settlement agreement is founded on their assertion that there was a motion for preliminary approval of a class action settlement pending before this Court on July 12, 2023. *See* ECF No. 496 at PageID.43078 ("Under these circumstances, the motion for preliminary approval was pending before the Court at the time it entered the final order and judgment. As such, it warranted consideration and approval by the

Court."). There was not. The *only* motion for preliminary approval of a class-action settlement that Plaintiffs filed, *see* ECF No. 474, was denied *without prejudice* in April 2023. ECF No. 480. Plaintiffs were free to file a renewed motion for settlement approval, but never did. And a court cannot consider a motion that was never filed. In this way, it was not a mistake, clear error, or excusable neglect for this Court to dismiss Plaintiffs' claims on July 12, 2023 without addressing a motion that was never filed. And though the outcome may be disappointing for Plaintiffs, it is not a manifest injustice that requires relief. To the extent Plaintiffs wish to assert Defendant Bosch breached its contractual duties under the agreement, that is a new cause of action. But in *this* cause of action, Plaintiffs are not entitled to relief under Rule 59(e) or 60(b). Accordingly, their Motion will be denied.

**IV.**

Accordingly, it is **ORDERED** that Plaintiffs' Motion to Partially Reconsider or Grant Partial Relief from Judgment, ECF No. 496, is **DENIED**.

**This is a final order.**

Dated: February 7, 2024                      s/Thomas L. Ludington
                                             THOMAS L. LUDINGTON
                                             United States District Judge